## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUNTER ANTON OLSON,<br><br>Defendant. | **Cause No. CR 21-85-GF-BMM**<br><br><br>**ORDER** |

## BACKGROUND

Hunter Anton Olson ("Olson") moves the Court for immediate release to home confinement under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 27.) Olson is currently serving a sentence of 30 months for Bank Fraud and Aggravated Identity Theft. (Doc. 22.) Olson has served approximately 11 months of his sentence. Olson's scheduled release date is November 28, 2024. *See* Inmate Locator, www.bop.gov/inmateloc (last visited May 11, 2023). Olson is currently incarcerated at Leavenworth USP in Leavenworth, Kansas. *Id.*

### I.      Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21

U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Olson's motion.

Where a motion for a sentence reduction is well taken, a court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number

2

of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]."

*Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted *only* upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582."); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal

4

district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). *Aruda* makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *Id.* at 802; *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Olson's sentence.

## II.     Whether Olson has Demonstrated Extraordinary and Compelling Reasons.

Despite this Court's determination that it possesses the authority to provide relief, Olson still must demonstrate that extraordinary and compelling reasons support release or a reduction of his sentence. *Maumau*, 2020 WL 806121, at *5. For the reasons described below, Olson has failed to do so.

Olson urges the Court to release him so that he can satisfy his payment obligations arising from his ongoing Chapter 12 bankruptcy proceedings. (Doc. 35 at 12–13.) Olson asks the Court for compassionate release in order to plant crops for the 2023 season. (*Id.* at 21.) Olson further points to his health concerns. Olson notes that he has early-onset hypertension, gastrointestinal issues, a potential heart condition, and a family history of heart problems. (*Id.* at 9–11.) Olson states that he has been unable to access specialized care from a cardiologist or gastroenterologist while incarcerated. (*Id.* at 11.) Olson additionally cites his outstanding restitution obligation and argues that his immediate release would enable him to begin making payments. (*Id.* at 19.)

The Court determines that Olson has failed to demonstrate extraordinary and compelling reasons to reduce Olson's sentence. Olson minimizes the seriousness of his conduct, stating that "[t]he problem is that he tried to go too far, too fast." (*Id.* at 18.) Olson blames his "youth and lack of sophistication, combined with an oversized ambition." (*Id.*) Olson repeatedly defrauded banks, misrepresented ownership of

crops, hid assets from creditors and banks, and forged the signatures of government employees. (Doc. 21 at 6–7.) Olson ultimately stole $269,289.86 from banks who had loaned him money for farming activity. (*Id.* at 7.) Olson was a criminal history category III due to previous convictions for arson, solicitation of arson, negligent endangerment, criminal mischief, and attempted theft. (Doc. 21 at 10.) Olson's total offense level was calculated to be 16. (*Id.* at 8.) Olson has served approximately 11 months, amounting to little more than one third of his 30-month sentence. (Doc. 22.) The Court recognizes Olson's youth at the time of the offense. Reducing Olson's sentence, however, would not comport with the § 3553(a) sentencing factors.

"[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider." *Pepper v. United States*, 562 U.S. 476, 490 (2011). Olson's two stated grounds for compassionate release do not include his rehabilitation while incarcerated. (Doc. 35.) The paucity of evidence of post-sentencing rehabilitation militates against a grant of compassionate release for Olson. The Court will deny Olson's motion. (Doc. 27.) Olson may notify the Court should his health deteriorate and should he continue to face a barrier to accessing specialized medical care during his term of incarceration.

Accordingly, **IT IS ORDERED:**

1. Olson's motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i) (Doc. 27) is **DENIED.**

DATED this 12th day of May, 2023.

_____
Brian Morris, Chief District Judge
United States District Court