IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER ANTON OLSON,<br><br>Defendant. | CR 21-85-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS |

## I.    Synopsis

Defendant Hunter Anton Olson (Olson) has been accused of violating the conditions of his supervised release. (Docs. 38 and 41).  Olson admitted the alleged violations. Olson' supervised release should be revoked. Olson should be sentenced to Time Served on Count 4, with 26 months of supervised release to follow and to Time Served  on Count 14, with 26 months of supervised release to follow, with the supervised release terms to run  concurrently. Olson shall be subject to the same terms and conditions of supervised release as previously imposed, with the additional condition of no gambling.

## II.    Status

Olson plead guilty on March 9, 2022, to the offenses of Bank Fraud, in violation of 18 U.S.C. § 1344 as charged in Count 4 of the Indictment and to the offense of Aggravated Identity Theft, in  violation of 18 U.S.C. § 1029(A)(a)(1) as charged in Count 14 of the Indictment. (Doc.16).  Olson was sentenced to  6 months of custody on Count 4 with 3 years of supervised release to follow, and to 24 months of custody on Count 14, with 1 year of supervised release to follow, with the custodial terms to run consecutively, and the supervised release terms to run concurrently. (Doc. 22). Olson's current term of supervised release began on November 27, 2024.

### Petition

On June 5, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Olson' supervised release. (Doc. 38). The Petition alleged Olson violated conditions of his supervised release by: (1) failing to make restitution payments during February and March of 2025, and failing to make a full restitution payment in April of 2025; (2) failing to provide his probation officer with financial information by April 30, 2025, as requested; and (3) opening three new lines of credit between December 2024 and February 2025, without the prior approval of his probation officer.

**Amended Petition**

On June 23, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Olson' supervised release. (Doc. 41). The Amended Petition alleged Olson violated conditions of his supervised release by the added violation of: (4) failing to apply a check in the amount of $8,556.61 that he received upon his release from the Great Falls Pre-Release Center on June 5, 2025, to his outstanding court-ordered financial obligations.

**Initial Appearance**

Olson appeared before the Court on June 24, 2025. Olson was represented by counsel.  Olson stated that he had read the Amended Petition and that he understood the allegations against him.  Olson waived his right to a preliminary hearing.

**Revocation hearing**

Olson appeared before the Court on June 24, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Olson admitted that he had violated the conditions of supervised release as set forth in the Amended Petition. Olson's admitted violations, 1-4, are serious and warrant revocation of his supervised release.  The Court continued the sentencing until September 23, 2025.

**Sentencing hearing**

Olson appeared before the Court on September 23, 2025. Olson's violations are Grade C. His criminal history category is III. Olson's underlying offense for Count 4 is a Class B felony and for Count 14 is a Class E felony. Olson could be incarcerated for up to 36 months on Count 4 and for up to 12 months on Count 14. Olson could be ordered to remain on supervised release for 60 months less any custody time imposed on Count 4, and for 12 months less any custody time imposed on Count 14. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Olson's supervised release should be revoked. Olson should be sentenced to Time Served on Count 4, with 26 months of supervised release to follow and to Time Served custody on Count 14, with 26 months of supervised release to follow, with the supervised release terms to run concurrently. Olson shall be subject to the same terms and conditions of supervised release as previously imposed, with the additional condition of no gambling. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Olson that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed

Olson of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Olson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Olson waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That HUNTER ANTON OLSON has violated the conditions of his supervised release by: (1) failing to make restitution payments during February and March of 2025, and failing to make a full restitution payment in April of 2025; (2) failing to provide his probation officer with financial information by April 30, 2025, as requested; (3) opening three new lines of credit between December 2024 and February 2025, without the approval of his probation officer; and (4) failing to apply a check in the amount of $8,556.61 that he received upon his release from the Great Falls Pre-Release Center on June 5, 2025, to his outstanding court-ordered financial obligations.

The Court **RECOMMENDS:**

That the District Court revoke Olson' supervised release and sentence Olson to Time Served on Count 4, with 26 months of supervised release to follow and to Time Served on Count 14, with 26 months of supervised release to follow, with the supervised release terms to run concurrently. Olson shall be subject to the same terms and conditions of supervised release as previously imposed, with the additional condition of no gambling.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C.  § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 24th day of September 2025.


John Johnston
United States Magistrate Judge